IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                      No.  05-40084-01-SAC

CORY J. HALL,

          Defendant.

MEMORANDUM AND ORDER

        The defendant Cory J. Hall pleaded guilty to a single count information that charged him with possession of a stolen firearm in violation of 18 U.S.C. § 922(j).  The factual basis to this plea is that in their investigation of a report of gunshots, officers spoke with the defendant's former girlfriend, Tashanna Banks, who told them that the defendant had come to her residence twice in a gold Honda and had fired shots both times, the first time in the air and second time at the residence.  Officers interviewed two other witnesses to the shooting, and based on the witnesses' description of the automobile and its license plate the officers found the residence where the defendant was staying.  Officers went to this location and spoke with Tiffany Smith who said that the defendant was sleeping in the back of the residence, that she owned a handgun which was not where she had stored it,

and that the officers could search her gold Honda. In the car, officers found two spent gun casings in the rear seat of the car, and Smith's handgun under the mattress where the defendant had been lying. The presentence report ("PSR") recommends a Guideline sentencing range of 120 months, the statutory maximum sentence, from a criminal history category of six and a total offense level of 29 (base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2), a two-level increase for the firearm being stolen pursuant to U.S.S.G. § 2K2.1(b)(4), a four-level increase for possessing the firearm in connection with the felony offense of shooting at an occupied dwelling pursuant to U.S.S.G. § 2K2.1(b)(5), a two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1, and a three-level reduction for acceptance of responsibility adjustment reduction pursuant to U.S.S.G. § 3E1.1).

The addendum to the PSR reflects the defendant has unresolved objections to the enhancements for using or possessing a firearm during a felony offense and for obstruction of justice. The defendant has filed a sentencing memorandum reiterating his unresolved objections and arguments. The defendant's objection to both enhancements is that they are predicated on the statements made by the defendant's former girlfriend, Tashanna Banks, who is an unreliable source of information. The defendant attacks the credibility of Ms.

Banks citing from the PSR the fourteen instances in which Ms. Banks made allegations against the defendant that did not result in prosecutions. The defendant asks the court to view these instances "as a pattern" or "long history" of unsubstantiated allegations that undermine the reliability of her word.

As provided at U.S.S.G. § 2K2.1(b)(5), a four-level increase results from the defendant having "used or possessed any firearm or ammunition in connection with another felony offense." The defendant does not dispute that firing a weapon at an occupied dwelling would be a felony offense. His only challenge to this enhancement is to it being factually predicated on the statements of Ms. Banks. The defendant does not object specifically to those paragraphs in the PSR which sustain this enhancement. While the defendant's objection to the reliability of Ms. Banks places in dispute her statement appearing at paragraph ten, the objection does not put in issue the statements of two other witnesses, George Phelps and Johnnie Artis, who were also present during the shootings. With regard to the second shooting, one witness told officers that he "observed the defendant fire the weapon from inside the gold Honda toward the residence," (PSR, ¶ 11), and the other witness told officers that she was inside the residence and "heard the rounds which appeared to be traveling close to the residence" (PSR, ¶ 12). Independent of Ms. Banks's reliability, these witnesses gave credible statements to

which the defendant has lodged no objection. The court finds these statements sufficient proof for the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). The defendant's objection is overruled.

The court determines that a ruling is unnecessary to the defendant's objection to the two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1. A favorable ruling on the objection would not change the defendant's Guideline sentence from 120 months which is the statutory maximum. The court intends to follow the plea agreement and impose a sentence consistent with the Guidelines. Thus, as permitted by Fed. R. Crim. P. 32(i)(3)(B), the court need not make a ruling on a disputed matter which will not affect the sentencing.

IT IS THEREFORE ORDERED that the defendant's objection to the four-level increase pursuant to U.S.S.G. § 2K2.1(b)(5) is overruled and that a ruling on the defendant's related objection to the two-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1 is unnecessary.

Dated this 6th day of July, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge