IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                        No. 05-40084-01-SAC

CORY J. HALL aka COREY J. HALL,

        Defendant.

MEMORANDUM AND ORDER

The defendant has filed a pleading entitled, "Notice of Request for Sentence Reduction." (Dk. 37). The defendant therein asks the court to find it has jurisdiction under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the Director of the Bureau of Prisons," to reduce his sentence upon considering his arguments under 18 U.S.C. § 3553 on the following sentencing factors: affording adequate deterrence, protecting the public, providing educational or vocational training, and providing effective correctional treatment. Because the Director has made no such motion, the court finds it has no jurisdiction to reduce the defendant's sentence.

"'A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so,' so '[a] district court does not have inherent

power to resentence defendants at any time.'" *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005) (quoting *United States v. Blackwell*, 81 F.3d 945, 947, 949 (10th Cir. 1996) (quotations omitted)). Section 3582(c) of Title 18 "provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'" *United States v. Blackwell*, 81 F.3d at 947 (quoting 18 U.S.C. § 3582(c)). Those three narrow avenues are:

> First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range ... has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

*United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). If the defendant's argued basis does not fall within one of these three limited avenues under § 3582(c), the court is without jurisdiction to consider the defendant's request. *Id*.

The special circumstances reduction, 18 U.S.C. § 3582(c)(1)(A)(i), (ii), "requires that a motion be brought by the Director of the Bureau of Prisons." *United States v. Smartt*, 129 F.3d at 541. The

2

Director has not made any such motion, so this court may not act. *United States v. Archuleta*, 354 Fed. Appx. 385, 2009 WL 4457511 at *2 (10th Cir.2009). The other two limited avenues are inapplicable to any arguments advanced in the defendant's motion. This court lacks the inherent authority to modify a defendant's sentence at any time or for any reason other than those provided by statute. *United States v. Blackwell*, 81 F.3d at 949; *see United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."), *cert. denied*, 522 U.S. 961 (1997).

The defendant is to be commended for his efforts during incarceration, in particular, his participation in different education and training programs available to him. The court has received and reviewed supportive letters from his family noting the defendant how has made good use of his time. These circumstances do not give the court any jurisdiction to reduce the defendant's sentence. Absent a motion to reduce sentence by the Director of the Bureau of Prisons, see § 3582(c)(1), this court has no authority to consider any reduction in the defendant's sentence. *United States v. Williams*, 359 Fed. Appx. 931, 934, 2010 WL 28173 at *2 (10th

Cir. 2010).

IT IS THEREFORE ORDERED that the defendant's notice of request for sentence reduction (Dk. 37) is denied.

Dated this 30th day of December, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge